IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD McCLEARY    *

  v.    * CIVIL NO. CCB-15-1827

CHAIRMAN DAVID R. BLUMBERG    *
******

# MEMORANDUM

Richard McCleary has filed a petition for writ of habeas corpus, challenging the Maryland Parole Commission's denial of a face-to-face parole hearing. ECF 1. As relief, McCleary seeks an order directing the Maryland Parole Commission to "conform to the existing Maryland statutes by granting [the petitioner] an immediate parole hearing based on the denial of due process of law." *Id*., p. 5. Respondent David Blumberg, chairman of the Maryland Parole Commission, has moved to dismiss the petition on the basis that McCleary's claim is moot.[1] ECF 5. McCleary has responded. ECF 8. The issues have been fully briefed, and no hearing is necessary. *See* Local R. 105.6 (D. Md. 2014). The court will deny McCleary's motion to request a hearing and dismiss his petition as moot.

  **Background**

On February 10, 2006, McCleary was sentenced by the Circuit Court for Worcester County to two 20-year consecutive terms of confinement. ECF 1-2, p. 1. He received 290 days credit for time served prior to sentencing. *Id*., p. 2. On April 19, 2010, an amended commitment record was issued reflecting that both sentences were subject to a "[p]arole [e]ligibility [r]estriction of 10 years minimum sentence before [McCleary] would be eligible for [p]arole." *Id*., pp. 3-4. On March 13, 2015, another amended commitment order was issued. ECF 1-2, pp.

---

[1] Blumberg also argues that McCleary's claim is barred because he has failed to exhaust state remedies. For the reasons that follow, the court need not address issues regarding exhaustion.

5-6. The third commitment record reflected that one of McCleary's two sentences was "subject to 10 year mandatory minimum without parole," while the other sentence was "NOT subject to mandatory minimum without parole." ECF 1-2, p. 6.

McCleary maintains that as a result of his appeal in the Maryland Court of Special Appeals and the third commitment order, he was eligible for a "'face-to-face' parole hearing" on April 25, 2015. ECF 1, p. 4. He further claims that, under Maryland law, he was immediately eligible for a parole hearing after completing 25% of his sentence. *Id*. McCleary states that the "no parole" condition of his sentence expired on the same date that he completed 25% of this sentence. *Id*. McCleary says the Maryland Parole Commission informed him that he would not receive a face-to-face parole hearing until April 25, 2025, and he is only entitled to administrative review prior to that date. *Id*.

On July 23, 2015, a Maryland Parole Commission hearing officer conducted a hearing and recommended approving McCleary for an unconditional parole. ECF 5-1, ¶ 4. Commissioner Meehan disapproved that recommendation on July 29, 2015. *Id*. Meehan recommended that McCleary's parole be delayed until January 2017, conditioned upon "McCleary's progression to pre-release security and his successful completion of six to eight months of work release." *Id*. McCleary's file was automatically referred to a two-commissioner appellate panel for issuance of a final parole decision. *Id*., ¶ 5. On August 6, 2015, the appellate panel disapproved the hearing officer's recommendation for unconditional parole and approved McCleary for delayed parole release in January 2017, conditioned upon his completion of six to eight months of work release. *Id*., ¶ 6; ECF 5-2.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)

(citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477). McCleary has received the relief he seeks, a face-to-face parole hearing. Therefore, his petition is moot and will be dismissed.

McCleary has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). McCleary has failed to demonstrate entitlement to a COA in the instant case.

**Conclusion**

For the reasons stated above, the court will dismiss the petition as moot and deny the request for a hearing. A certificate of appealability will not issue.

A separate order follows.


June 20, 2016                                         ____/S/_____
Date                                                  Catherine C. Blake
                                                      United States District Judge